**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS HOLMAN, | : | |
| Petitioner, | : | CIVIL CASE NO. |
| | : | 3:12-CV-986 (JCH) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEBRUARY 15, 2013 |
| Respondent. | : | |

**RULING RE:  PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. Nos. 1, 2]**

Petitioner Thomas Holman proceeds pro se, pursuant to section 2255 of title 28

of the United States Code, to vacate his federal criminal sentence of 210 months of

imprisonment, followed by five years of supervised release.[1]  See Mot. to Vacate (Doc.

No. 1); Supplement in Support of Mot. to Vacate (Doc. No. 2) ("Supplement Mot. to

Vacate").  Holman argues that the "career offender" enhancement to his sentence was

improperly imposed.  Holman also argues that his Petition is timely because recent

changes in the law constitute extraordinary circumstances, see Mot. to Vacate at 5–11,

and because he is "actually innocent" of the sentence imposed on him, see Supplement

Mot. to Vacate at 5.

The government argues that Holman's Petition is barred by the one-year statute

of limitations applicable to section 2255 motions, see 28 U.S.C. § 2255(f), and that

equitable tolling is unavailable.  The government also argues that Holman has not

established cause to excuse his failure to raise these issues on direct appeal.

---

[1] In his Reply Brief, Holman references, for the first time, the possibility of a claim under 28
U.S.C. § 2241.  See Reply Br. (Doc. No. 18) at 5–6.  Further, it is unclear whether Holman actually
intended to make such a claim.  See id. ("[U]nder the narrow circumstances here, a petitioner in
defendants [sic] uncommon situation could resort to the writ of habeas corpus codified under 28 U.S.C.
§ 2241.").  Accordingly, this court will not evaluate Holman's claims under that provision.

1

## I.      BACKGROUND

On December 20, 2001, Holman and six others were charged with participating in a conspiracy, from 1999 to 2001, to possess with intent to distribute cocaine and cocaine base in violation of sections 846 and 841(b)(1)(B) of title 21 of the United States Code.  On March 25, 2002, Holman pled guilty to the one count in the Indictment. Holman's total offense level calculation was 31, and his criminal history category was IV.  This level and history category would have resulted in a sentence range of 151 to 181 months of imprisonment.  However, because Holman had two prior controlled substance convictions, he was deemed a "career offender" under U.S.S.G. § 4B1.1, and placed in criminal history category VI, thus increasing his sentence range to 188 to 235 months of imprisonment.  The parties agreed and stipulated to Holman's status as a career offender, as well as to the sentencing range of 188 to 235 months.  See Presentence Report for Thomas Holman (Doc. No. 132-2), United States v. Holman, 3:01-cr-292 (JCH), ¶¶ 7, 66.  On December 12, 2002, this court sentenced Holman to a term of imprisonment of 210 months, followed by five years of supervised release.  See Judgment (Doc. No. 103), United States v. Holman, 3:01-cr-292 (JCH).

Holman filed a timely notice of appeal pursuant to Fed. R. App. P. 4(b).  Holman then filed a pro se brief,[2] in which he argued that one of the underlying state convictions used to qualify him as a career offender was for simple possession, not sale, of narcotics.  Holman contended that simple possession of a controlled substance did not constitute a qualifying predicate "controlled substance offense" under the sentencing guidelines.  See Holman Appeal Br., Ex. C to Resp.'s Opp. (Doc. No. 17-1), at 15–18.

---

[2] Holman's appellate counsel filed an Anders brief, stating that no non-frivolous issues existed that could be raised on appeal.  See Ex. B to Resp.'s Opp., at 16.

2

Upon order of the Second Circuit, Holman's appellate counsel filed an affirmation stating that Holman had pled guilty to criminal sale of narcotics in 1995, providing that court with the relevant state court records.  See Hershey Affirmation, Ex. D to Resp.'s Opp.  On March 30, 2004, the Second Circuit affirmed Holman's conviction by Summary Order, see United States v. Thomas Holman, No. 03-1013-cr, and issued its Mandate on April 20, 2004.  Holman did not appeal the decision to the Supreme Court.

On September 30, 2008, Holman filed a Petition with this court, seeking a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on changes in the federal sentencing statutes regarding crack cocaine.  This court denied Holman's Petition on November 20, 2008.  On November 4, 2011, Holman filed another Petition with this court, seeking a reduction in his sentence based on Freeman v. United States, 131 S. Ct. 2685 (2011).  On January 4, 2012, this court also denied that Petition. Holman now moves collaterally to vacate his sentence.

## II.     STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted).  "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir.1994) (internal citations and quotation marks omitted).  However, because Holman is proceeding pro se, the court must read

his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir.2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145–46 (2d Cir. 2002)).

III.   **DISCUSSION**

   A.   Statute of Limitations

Under section 2255, a federal petition for a writ of habeas corpus is subject to a one-year statute of limitations.  28 U.S.C. § 2255(f).  The limitations period begins to run upon the occurrence of the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The government argues that Holman's conviction became final on June 18, 2004, the date when the time for Holman to petition for writ of certiorari to the Supreme Court expired.  See Burrell v. United States, 467 F.3d 160, 164 (2d Cir. 2006) (noting that "a judgment of conviction becomes final for purposes of § 2255 . . . when the time for filing a certiorari petition expires" (internal quotation marks and citations omitted)). Accordingly, the government argues that Holman's Petition was untimely, as it was filed on June 28, 2012, well past the expiration of the one-year limitations period.

Holman argues that the limitations period does not bar his section 2255 motion

4

for two reasons.  First, he argues that Carachuri–Rosendo v. Holder, 130 S. Ct. 2577 (2010), recognized a new right applicable to his conviction under 28 U.S.C. § 2255(f)(3), and that the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which applied Carachuri more broadly, constituted an "extraordinary circumstance" justifying tolling of the limitations period.  Mot. to Vacate at 7–11. Second, Holman argues that he is "actually innocent" of the sentence imposed on him. Supplement Mot. to Vacate at 5.  Neither argument provides grounds for this court to vacate Holman's sentence under section 2255.

      1.  Carachuri and Simmons

     In Carachuri, the petitioner was a lawful permanent resident of the United States who was subject to removal proceedings after committing two misdemeanor drug possession offenses.  The government argued that Carachuri–Rosendo was ineligible for discretionary relief from removal, because the applicable law required that such a party not have been convicted of an "aggravated felony."  Carachuri, 130 S.Ct. at 2580. Although Carachuri–Rosendo had been convicted of misdemeanors, the Fifth Circuit noted that the second simple drug possession conviction could have been punished as a felony under federal law.  Id. at 2581.  However, the Supreme Court reversed and held that, for immigration law purposes, a second or substantive simple possession offense is not an aggravated felony, merely because the offender "*could have been prosecuted as a felon*" if he had been prosecuted in federal court instead of state court. Id. at 2582 (emphasis in original).  Rather, "the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law."  Id. at 2589 (emphasis in original).

In <u>Simmons</u>, a district court determined that a defendant's prior state conviction for possession of marijuana constituted a predicate "felony drug conviction" for purposes of applying a ten-year statutory mandatory minimum sentence under the Controlled Substances Act.  The court determined that it was sufficient that, under North Carolina law, the prior conviction was punishable by a sentence of more than twelve months if the State met two specific conditions, even though the State "satisfied neither condition" with respect to Simmons.  <u>Simmons</u>, 649 F.3d at 239–41.  The Fourth Circuit, sitting <u>en</u> <u>banc</u>, vacated Simmons' sentence, noting that "the state sentencing court never made the recidivist finding necessary to expose Simmons to a higher sentence," and that under <u>Carachuri</u>, "the Government cannot now rely on such a finding to 'set the maximum term of imprisonment.'"  <u>Id.</u> at 243 (quoting <u>Carachuri</u>, 130 S. Ct. at 2587 n.12).  As in <u>Carachuri</u>, the <u>Simmons</u> court reasoned that accounting for a "hypothetical enhancement" of a predicate conviction was problematic for a defendant, where that conviction "lacked the finding necessary" to expose the defendant to the higher possible sentence.  <u>Id.</u> at 248.

Here, in contrast, Holman pled guilty to and was <u>actually</u> convicted of a crime that is  a felony.  <u>See</u> Conn. Gen. Stat. § 21a-277(a) (providing that anyone who violates the provision "shall be imprisoned not more than fifteen years").  Unlike in <u>Carachuri</u> and <u>Simmons</u>, there were no additional findings that the government would have had to prove in order to expose Holman to a sentence of more than twelve months.  Accordingly, even considering the analysis in <u>Carachuri</u> and <u>Simmons</u>, the predicate convictions qualified under the guidelines' definition of a "controlled substance offense."  <u>See</u> U.S.S.G. § 4B1.2(b) (requiring a "controlled substance offense" to be

6

"punishable by imprisonment for a term exceeding one year").

Moreover, even if Carachuri were applicable to Holman's convictions, his Petition would still be untimely under section 2255(f)(3).  First, Carachuri is not retroactively applicable.  United States v. Powell, 691 F.3d 554, 559–60 (4th Cir. 2012) (holding that Carachuri is a "procedural rule" and is "not retroactively applicable to cases on collateral review").  Second, even if Carachuri were retroactively applicable, that case was decided on June 14, 2010, over a year before Holman filed this instant Petition.  Nor can Holman rely on Simmons, which is not a Supreme Court case and which simply applied Carachuri beyond the immigration law context.  See Powell, 691 F.3d at 559 (noting that the decision in Simmons merely "reinforces" Carachuri).

    2.  Extraordinary Circumstances

Holman argues that "opinions of the circuit court overruling prior circuit law," such as the Fourth Circuit's opinion in Simmons, can constitute "extraordinary circumstances" justifying equitable tolling.  Mot. to Vacate at 7 (citing Burns v. Prudden, 588 F.3d 1148, 1151 (8th Cir. 2009)).  The Second Circuit has seldom found circumstances sufficiently extraordinary to warrant equitable tolling."  Rivera v. United States, 719 F. Supp. 2d 230, 234 (D. Conn. 2010) (citations omitted); see Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (noting that equitable tolling applies only in "rare and exceptional circumstances").  A petitioner who seeks equitable tolling must "establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll."  Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted) (quoting Smith, 208 F.3d at 17).

Here, Holman has failed to demonstrate extraordinary circumstances sufficient to justify equitable tolling.  Courts have routinely rejected the argument that the unavailability of helpful precedent during the limitations period, or the issuance of helpful law or precedent thereafter, constitutes extraordinary circumstances.  See, e.g., Shannon v. Newland, 410 F.3d 1083, 1085, 1090 (9th Cir. 2005) (rejecting equitable tolling based on state court decision interpreting state law "in a way potentially favorable" to petitioner's claim); Berrios v. United States, No. 10-cv-113, 2012 WL 3589677, *7 (D. Conn. Aug. 20, 2012) (citations omitted) (holding that neither postconviction change in substantive law nor the unavailability of beneficial case law during the one-year limitations period constitutes an extraordinary circumstance); Tellado v. United States, 799 F. Supp. 2d 156, 165 (D. Conn. 2011) (rejecting equitable tolling based on unavailability of helpful precedent, even though "it would have been impossible for [petitioner] to cite" the helpful decision before the limitations period expired).[3]  Holman does not point to any past governmental action that prevented him from filing a timely section 2255 petition, and a subsequent Fourth Circuit case clarifying North Carolina law in light of Carachuri is not an "extraordinary circumstance" that permits equitable tolling.

---

[3] Nor does Holman's pro se status constitute an extraordinary circumstance.  See Adkins, 585 F. Supp. 2d at 297 ("[P]ro se and lack of expertise in the legal system do not constitute extraordinary circumstances that warrant equitable tolling. To hold otherwise would give carte blanche to every defendant to determine his or her own statute of limitations." (quoting Tamayo v. United States, Nos. 05 Civ. 9001, 99 CR 1113, 2008 WL 41764, *3 nn.19, 31 (S.D.N.Y. Feb. 13, 2001) (alterations and internal quotation marks omitted)).

3.  Actual Innocence

Holman also argues that the statute of limitations should be tolled because he is "actually innocent" of the sentence imposed.  Supplement Mot. to Vacate at 5.  It is true that the Second Circuit has expressly left open the question of whether the limitations period may be tolled based on a petitioner's demonstration of actual innocence.  Doe, 391 F.3d at 161 (reserving the question of "whether the Constitution requires tolling for innocence" for "a case in which the petitioner can show that, because he can demonstrate his actual innocence, he would be injured if not entitled to tolling on this basis").  However, this court has expressly found that tolling is not appropriate where a petitioner "argues only that, under current law, his prior state felony conviction would not automatically qualify as a career offender predicate because it was the result of an Alford plea."  Coleman v. United States, No. 10-CV-1675, 2012 WL 569351, *3 (D. Conn. Feb. 21, 2012) (internal quotation marks and citations omitted).  This court reasoned that such a claim was "not a claim of actual innocence," because the petitioner was not arguing that he did not commit the crimes underlying his career offender classification.  See id. (quoting Williams v. United States, 117 Fed. Appx. 132, 133 (2d Cir. 2004)).  The Second Circuit has held the same.  See Poindexter v. Nash, 333 F.3d 372, 380 (2d Cir. 2003) (rejecting the proposition that misclassification as a career offender is equivalent to a claim of actual innocence).  Thus, Holman's claim of actual innocence is denied.[4]

B.  Procedurally Defaulted Guidelines Claims on Collateral Review

Holman also argues that he is entitled to section 2255 relief under United States

---

[4] Indeed, Holman does not claim that he is innocent of the crime for which he was convicted in this case.  Rather, he claims to be innocent of his "sentence" in this case.

v. Savage, 542 F.3d 959 (2d Cir. 2008), because his state convictions were based on

Alford pleas that did not confirm that those convictions were categorical controlled

substance offenses under the sentencing guidelines.  See Mot. to Vacate at 2.  For the

reasons described above, this claim is also time-barred.  Even if it were not, relief would

nonetheless be foreclosed because Holman's claim does not involve a complete

miscarriage of justice and because he cannot show cause for his procedural default.

In the Second Circuit, "collateral attack on a final judgment in a criminal case is

generally available under § 2255 only for a constitutional error, a lack of jurisdiction in

the sentencing court, or an error of law or fact that constitutes a fundamental defect

which inherently results in a complete miscarriage of justice."  United States v. Bokun,

73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citations omitted).  The

Second Circuit has also determined that cases challenging the applicability of the

sentencing guidelines in a section 2255 motion generally do not constitute a complete

miscarriage of justice.  See Graziano v. United States, 83 F.3d 587, 590 ("Any

challenge that Graziano had regarding alleged violations of the Sentencing Guidelines

should have been raised on direct appeal.  Accordingly, his claim is procedurally

barred.").

"This approach to violations of the Sentencing Guidelines is consistent with [the

Second Circuit's] view that the scope of review on a § 2255 motion should be narrowly

limited in order to preserve the finality of criminal sentences and to effect the efficient

allocation of judicial resources."  Id. (internal quotation marks and citations omitted).

Further, courts in other circuits have held that erroneous career-offender designations

are not cognizable under section 2255 unless the argument is that the sentence

10

exceeded the statutory maximum.  See, e.g., Auman v. United States, 67 F.3d 157,

160–61 (8th Cir. 1995) (finding that defendant's claim that the district court improperly

considered a state conviction "as a predicate offense for determining career offender

status" was "not properly brought under section 2255, but should have been raised on

direct appeal").  In Holman's case, the statutory maximum was 40 years, which exceeds

the sentence imposed on him.  See 21 U.S.C. § 841(b)(1)(B) (setting maximum

sentence at "not more than 40 years").[5]

Even if Holman's claim were available under section 2255, he has procedurally

defaulted on his claim.  On direct appeal, he argued only that his state conviction could

not be used to determine his career offender status because he had been convicted of

possession, not sale, of narcotics.  See supra, Part I.  However, the Second Circuit

affirmed his sentence upon a showing that his conviction was indeed for selling

narcotics.  Id.  Because Holman did not argue on direct appeal that the factual basis of

his state convictions could not be ascertained because they were made pursuant to

Alford pleas, he is precluded from making such a claim under section 2255 unless he

can show both cause for defaulting on the claim and that prejudice resulted from the

alleged violation.  See Reed v. Farley, 512 U.S. 339, 354 (1994).

Showing cause for a defaulted claim is a high bar.  A petitioner must show that

---

[5] In his Reply Brief, Holman cites Narvaez v. United States, 647 F.3d 621 (7th Cir. 2011), in support of his argument that his claim is cognizable under section 2255.  There, the Seventh Circuit held that the sentencing court's application of the career offender status was improper because it was based on two prior escape convictions that were no longer classified as violent felonies.  Id. at 623–24.  The Narvaez court held that his improper classification as a career offender was a miscarriage of justice and remanded the case for resentencing.  Id. at 630.  Narvaez is inapposite for at least two reasons.  First, the court determined that the cases on which Narvaez relied applied retroactively on collateral review.  Id. at 625.  Here, Holman has not shown that Savage is retroactively applicable.  Second, Narvaez's section 2255 motion was timely filed.  Id.  Here, Savage was decided in 2008, and Holman did not file his 2255 action until four years later.

such claim was "so novel that its basis [was] not reasonably available to counsel."

Reed v. Ross, 468 U.S. 1, 16 (1984).  Novelty exists where the "legal tools . . .

necessary to conceive and argue the claim were not yet in existence" when the

petitioner defaulted.  Poyner v. Murray, 964 F.2d 1404, 1424 (4th Cir. 1992); see also

Engle v. Isaac, 456 U.S. 107, 133 (1982) (noting that petitioner has not demonstrated

cause if the court cannot say that he lacked the tools to construct his constitutional

claim).  Here, Holman has not offered evidence upon which this court could determine

that cause exists.  In Savage, the court's analysis was based on existing case law,

which it applied to existing state law and federal sentencing guidelines.  See Savage,

542 F.3d 959 at 966–67 (developing "modified categorical inquiry" based on principles

in Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S.

575 (1990)).  This court cannot say that Holman lacked the tools to construct this claim

on direct review.  Thus, Holman has not shown cause for his procedural default.

## IV.    CONCLUSION

For the foregoing reasons, the court **DENIES** Holman's Motion to Vacate (Doc.

No. 1) and his Supplement in Support of his Motion to Vacate (Doc. No. 2).  Because

the petitioner has failed to make a substantial showing of the denial of a constitutional

right, any appeal from this order would not be taken in good faith, and a certificate of

appealability shall not issue.  The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 15th day of February, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge